IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-175-FL

| | |
|---|---|
| DIAMOND DIXON, as Administrator of the Estate of Lakisha Monique Dixon, deceased; DONTAY SMITH; and DESHAWN DIXON,<br><br>             Plaintiffs,<br><br>   v.<br><br>BERNARD TYRON REED, JR.; HALLY EXPRESS INC.; LIPSEY LOGISTICS WORLDWIDE, LLC; FEDEX CORPORATION; FEDERAL EXPRESS CORPORATION f/k/a FedEx Ground Package Systems, Inc.[1]; FEDEX GROUND PACKAGE SYSTEMS, INC.; and M. BRYAN KING, as Administrator of the Estate of Kenee Dabreo, deceased,<br><br>             Defendants. | ORDER |

      This matter is before the court upon defendant Lipsey Logistics Worldwide, LLC's ("Lipsey's") motion for limited jurisdictional discovery (DE 45) filed January 29, 2025. No party responded to the instant motion, and the time to do so has passed. Accordingly, the issues raised are ripe for decision. Also pending are plaintiffs' motion to remand (DE 31) and motions to dismiss for failure to state a claim filed by defendants FedEx Corporation and Federal Express Corporation f/k/a FedEx Ground Package Systems, Inc. (DE 37) and defendant Lipsey (DE 39)

---

[1]     The court constructively amends the case caption to correct misnomer in defendant's corporate name. (See DE 37 at 1 n.1).

Plaintiffs, citizens of South Carolina and New York, initiated this personal injury and wrongful death action October 24, 2024, with complaint filed in the Superior Court of Wake County, North Carolina. (See DE 23-1). Defendants FedEx Corporation, Federal Express Corporation f/k/a FedEx Ground Package Systems, Inc., FedEx Ground Package Systems, Inc., (collectively "FedEx"), and Lipsey filed notice of removal in this court December 6, 2024, with improperly attached exhibits. (DE 1). Upon notification of this deficiency, defendants FedEx and Lipsey filed corrected notice of removal and exhibits December 16, 2024, (DE 23), asserting subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. After extension of time, defendants Bernard Tyron Reed, Jr. ("Reed") and Hally Express, Inc. ("Hally") filed answer December 19, 2024.

Plaintiffs moved to remand January 2, 2025, asserting a lack of complete diversity due to the alleged citizenship of the decedent, Kenee Dabreo ("Dabreo"). For the purposes of establishing diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen on of the same State as the decedent." 28 U.S.C. § 1332(c)(2). "[S]tate citizenship for the purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Accordingly, the citizenship of defendant M. Bryan King, as the administrator of the Estate of Kenee Dabreo, deceased, ("King"), is dependent on the national citizenship and domicile of Dabreo. Plaintiffs assert Dabreo was a citizen of New York at the time of his death.[2] Defendants FedEx and Lipsey filed opposition to the motion to remand January 23, 2025. (DE 41, 42). They assert Dabreo was a citizen of Saint Vincent and the Grenadines.[3]

---

[2] Plaintiffs also assert defendant King did not consent to removal as required by 28 U.S.C. § 1446(b)(2)(A).

[3] Lipsey also assert that at the time of removal, the removing defendants were not aware of whether defendant King had been properly served and that the amended complaint moots the motion to remand.

Plaintiffs filed amended complaint as of right January 3, 2025. Defendants FedEx and Lipsey each moved to dismiss the amended complaint January 17, 2025. Upon motions by plaintiffs, the court stayed temporarily the response deadline to the motions to dismiss, pending resolution of the motion to remand. (DE 49, 50).

Defendant Lipsey filed the instant motion for limited jurisdictional discovery January 29, 2025, to determine Dabreo's citizenship before the court rules on the motion to remand. Defendant Lipsey supports this motion with screenshots of a short article describing Dabreo as a Vincentian who "had been in the United States for just over a year" at the time of his death (DE 45-2 at 2), and a social media post indicating he was buried in St. Vincent (id. at 4). Lipsey also filed proposed interrogatories, request for production., and request for admission regarding the citizenship and domicile of Dabreo. (DE 45-3). Defendants Reed, Hally, and FedEx do not object to the instant motion, and no party responded.

Good cause having been shown and for the reasons stated in supporting memorandum of law (DE 46), the motion for limited jurisdictional discovery (DE 45) is GRANTED. Defendant Lipsey shall have seven days from entry of this order to serve upon plaintiffs discovery requests not exceeding those proposed at DE 45-3. Plaintiffs shall respond within 30 days of the date of service of such requests. Defendant Lipsey is DIRECTED to file within 14 days of receipt of plaintiffs' responses supplement to its opposition to plaintiffs' motion to remand (DE 42) or status report indicating that no such supplement is forthcoming. Plaintiffs shall have 14 days to reply to any supplement to opposition to motion to remand.

SO ORDERED, this the 19th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

3